J-S17035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CORY SAUNDERS, | : | |
| | : | |
| Appellant | : | No. 3656 EDA 2015 |

Appeal from the Judgment of Sentence November 6, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0013879-2013

BEFORE:  OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 19, 2017**

Cory Saunders ("Saunders") appeals from the judgment of sentence imposed following his conviction of possession of a controlled substance with intent to deliver and conspiracy.[1]  We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal.  **See** Trial Court Opinion, 8/24/16, at 1-6.

After Saunders filed his court-ordered Pa.R.A.P. 1925(b) Concise Statement, the trial court entered an Opinion, pursuant to Pa.R.A.P. 1925(a), wherein it determined that Saunders's first issue raised in the Concise Statement was waived for (1) failure to raise it before the trial court; and (2) lack of specificity.  **See** Trial Court Opinion, 8/24/16, at 6-8.

---

[1] **See** 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903.

The trial court further determined that Saunders's second issue raised in the Concise Statement was waived for lack of specificity. ***See id***. at 8-9.

On appeal, Saunders raises the following issues for our review:

1. Did the trial court violate [Saunders's] constitutional rights to due process and equal protection by finding that the claims presented on appeal were not sufficiently identified to have placed the trial court on notice of their nature?

2. Did the trial court violate [Saunders's] constitutional rights under the 4th Amendment of the U.S. Constitution[,] and Article 1[,] sec. 8 of the Pennsylvania Constitution[,] when it failed to suppress the fruits of an unlawful vehicle search[,] which was made without probable cause?

3. Did the trial court violate [Saunders's] rights under the 6th and 14th Amendments of the U.S. Constitution[,] and Article 1[,] sec. 8 of the Pennsylvania Constitution[,] were violated [*sic*] in that there was insufficient evidence to support the verdict?

Brief for Appellant at 3.

In his first issue, Saunders contends that the trial court erred by determining that the issues raised in his Concise Statement were waived for lack of specificity. ***Id***. at 11. Saunders asserts that his case was not factually or legally complex, as he was the sole defendant; he was convicted of only two charges; and the evidence for both convictions was the same. ***Id***. Saunders claims that his Concise Statement sufficiently identified his claims on appeal, and requests remand of the case to the trial court to issue a new Pa.R.A.P. 1925(a) Opinion addressing Saunders's claims. ***Id***. at 13.

Saunders has failed to address the trial court's additional ruling that the first claim raised in his Concise Statement was waived on the basis that

- 2 -

he failed to preserve the claim before the trial court. ***See*** Trial Court Opinion, 8/24/16, at 6-8. In his Concise Statement, Saunders stated his first claim as follows: "The trial court violated [Saunders's] constitutional rights under the Fourth Amendment of the U.S. Constitution[,] and Article 1 sec. 8 of the Pennsylvania Constitution[,] when it failed to suppress the fruits of an unlawful vehicle search[,] which was made without [] probable cause." Concise Statement, 2/2/16, at 1.

Our review of Saunders's Motion to Suppress, which is somewhat vaguely worded, reveals that the basis for the Motion was that the police lacked probable cause to *arrest* Saunders, and that the subsequent search *of Saunders* was unlawful. ***See*** Motion to Suppress, 11/18/13, at 1-2. Nowhere in the Motion to Suppress does Saunders mention the *vehicle*, or assert that the search *of the vehicle* was unlawful or that it lacked probable cause. ***See id***. Our further review of the notes of testimony from the suppression hearing discloses that counsel for Saunders argued that there was no probable cause to *arrest* Saunders because "he was arrested before any crime was committed." ***See*** N.T., 4/27/15, at 32-33; ***see also id***. at 5 (wherein counsel for Saunders argues that "there was no probable cause to arrest [Saunders]. The arrest was unlawful."). Although counsel for Saunders argued that "the search of the vehicle is fruit of the poisonous tree[,]" ***see id***. at 5, 33, he did not argue that there was no probable cause to support the warrant issued for the search of the vehicle. Accordingly, we

- 3 -

are constrained to agree with the trial court's determination that the first claim raised in Saunders's Concise Statement is waived because he failed to raise the claim before the trial court. *See* Trial Court Opinion, 8/24/16, at 6-8; *see also* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). We therefore affirm the trial court's waiver determination regarding the first claim raised in Saunders's Concise Statement. *See* Trial Court Opinion, 8/24/16, at 6-8.[2]

Saunders stated the second claim raised in his Concise Statement as follows: "[Saunders's] constitutional rights under the 14th Amendment of the U.S. Constitution[,] and Article 1[,] sec. 9 of the Pennsylvania Constitution[,] were violated [*sic*] in that there was insufficient evidence to support the verdict."[3] Concise Statement, 2/2/16, at 2. The trial court set forth the relevant law, and determined that the second claim raised in the Concise Statement was waived for lack of specificity because Saunders "failed to specify what element or elements of the two crimes of which he was convicted was not supported by the evidence." Trial Court Opinion,

---

[2] Because we conclude that Saunders failed to preserve the first issue raised in his Concise Statement, we need not address the trial court's additional determination that the claim was waived for lack of specificity.

[3] Notably, while Saunders raised a claim in his Concise Statement under the 14th Amendment of the U.S. Constitution, and Article 1, sec. 9 of the Pennsylvania Constitution, he attempted to change his claim on appeal by invoking the 6th and 14th Amendments of the U.S. Constitution, and Article 1, sec. 8 of the Pennsylvania Constitution.

8/24/16, at 8-9. We agree with the trial court's determination, and affirm its waiver determination regarding the second claim raised in Saunders's Concise Statement.

Because of our disposition of Saunders first issue on appeal, we need not address his second and third issues.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :    CP-51-CR-0013879-2013
                                       :    NO. 3656 EDA 2015

vs.                              :

                               :

CORY SAUNDERS                   :

**FILED**

**AUG 2 4 2016**

**Criminal Appeals Unit**
**First Judicial District of PA**

**OPINION**

KENNEDY, SEAN F., J.                              AUGUST 18, 2016

## PROCEDURAL HISTORY/FACTUAL BACKGROUND

On October 17, 2013,[1] Corey Saunders (hereinafter, "the Defendant") was arrested and charged with possession of a controlled substance, possession with intent to deliver a controlled substance ("PWID"), and conspiracy.[2] On November 18, 2013, the Defendant filed a motion to suppress his arrest, as well as all evidence recovered by the police, claiming that the arrest and the search were not pursuant to a lawfully obtained warrant. Motion to Suppress, 11/18/2013. On April 27, 2015, the parties appeared before this Court and at that time, the Defendant moved for suppression of his arrest and/or the search of the vehicle involved in the case contending that the arrest was made without probable cause and therefore, the search of the vehicle was fruit from the poisonous tree.[3] N.T., 4/27/2015, p. 5. In response to the Defendant's motion, the Commonwealth presented the testimony of Philadelphia Police Officer Nathan London, who credibly testified to the following facts.

---

[1] On April 27, 2015, the Criminal Complaint date was amended from October 16, 2013 to October 17, 2013, without objection. N.T., 4/27/2015, p. 37.

[2] 35 Pa.C.S. §780-113(a)(16), 35 Pa.C.S. §780-113(a)(30), and 18 Pa.C.S. § 903, respectively.

[3] See also, Defense closing argument, N.T. 4/27/2015, pp. 32-33.

1

On October 16, 2013, at approximately 3:10 p.m., Officer London was on duty, working plain clothes for the Narcotics Field Unit ("NFU").[4] Id. at 6-7. He was participating in a narcotic surveillance on the 5200 block of Irving Street, in response to complaints of narcotic sales from 5242 Irving Street. Id. at 7. A confidential informant (hereinafter, "CI") was utilized on the location. Id. Officers London and Simmons met with the CI, who was searched for U.S. currency and contraband, with negative results. Id. The CI was given twenty dollars ($20) pre-recorded buy money, and directed to approach 5242 Irving Street. Id. The CI arrived on the location and engaged in a brief conversation with a black male, later identified as Khalil Brown (hereinafter, "Mr. Brown"). Id. The CI handed U.S. currency to Mr. Brown, who retrieved small objects from his groin area and handed the objects to the CI. Id. The CI returned to the officers and turned over two (2) green tinted baggies containing an off white chunky substance. Id. at 7-8. The CI also provided the officers with a phone number for Mr. Brown. Id. at 8. Officer London tested the items, which tested positive for cocaine base. Id.

On October 17, 2013, Officer London returned to the 5200 block of Irving Street for further surveillance. Id. The same CI was again searched for U.S. currency and contraband, with negative results. Id. at 8-9. Officer McClain called the phone number received in relation to Mr. Brown and the CI was again referred to the 5200 block of Irving Street. Id. at 9. During that time, at approximately 2:40 p.m., Officer London, who was on the location, observed a black Cadillac arrive on the location and park on the southwest corner of 53rd and Irving Street; the driver was the only occupant of the Cadillac. Id. at 9, 21. At approximately 2:45 p.m., an unidentified black male approached the driver's side of the Cadillac and passed U.S. currency through the driver's side window in exchange for a small baggie. Id. at 9, 20. The male placed

---

[4] As of October 16, 2013, Officer London had been part of the Narcotic Field Unit for more than 19 years; he had made well over 1000 drug related arrests and observed at least 800 drug transactions. N.T., 4/27/2015, pp. 6-7.

2

the baggie into his groin area and then proceeded into a house on 53rd Street. Id. at 9. Three to five minutes later, a second unidentified black male entered the passenger side of Cadillac, with a wad of U.S. currency in his right hand. Id. at 10-11. A few minutes later, the male exited the vehicle and departed the area. Id. at 11. Shortly thereafter, Mr. Brown, the dealer from October 16th, arrived on the location. Id. He immediately entered the Cadillac. Id. Moments later, he exited the Cadillac and upon doing so, he immediately approached the CI and handed the CI small objects in exchange for U.S. currency. Id. The CI returned to Officer McClain and handed over two (2) green tinted baggies, each containing alleged crack cocaine. Id. Officer London tested the items, which tested positive results for cocaine base. Id. at 14.

Following his transaction with the CI, Mr. Brown entered the rear of the property located at 5318 Locust Street for a brief period of time. Id. at 11. Upon exiting the property, Mr. Brown entered the passenger side of the Cadillac, which was still parked on the corner of 53rd and Irving Street. Id. The Cadillac then left the area. Id. at 11. Officer London followed the Cadillac and he radioed back-up officer to stop the vehicle, for identification purposes. Id. at 11, 25. The Cadillac was stopped at 53rd and Catherine Street. Id. at 11. At that time, Officer London received information that the driver of the Cadillac was identified as Cory Saunders, the Defendant, and the passenger was identified as Khalil Brown, Mr. Brown. Id. at 11-12. After the stop, the Cadillac was allowed to proceed; no arrest were made at the time because Officer London believed that the transaction from the Cadillac was a narcotic transaction and he wanted to see whether the Defendant would go back to a location, a house. Id. at 12, 25-26.

The Cadillac subsequently stopped on the 5100 block of Pine Street and at that time, approximately 3:35 p.m., the Defendant and Mr. Brown exited the vehicle and entered a store. Id. at 12, 24. Officer London radioed back-up officers with a description, and the location, of the

3

Defendant and Mr. Brown, who were then apprehended. Id. at 12. The police recovered $55.00 in U.S. currency, one clear baggie of alleged marijuana, and one cellular phone from Mr. Brown. Id. They recovered $1,350.00 and a cellular phone from the Defendant. Id. The Defendant was transported to the Police District at 55th and Pine Street, pending execution of a search warrant. Id. at 13. Officer London obtained a warrant to search the Cadillac.[5] Id. at 29. Officer London recovered a gym bag containing a freezer size bag of alleged marijuana, weighing approximately 346.7 grams, from the back seat of the Cadillac. Id. at 13-14. Officer London tested the substances obtained from Mr. Brown and the Cadillac, with positive results for marijuana. Id. at 14. The marijuana recovered from the Cadillac was placed on property receipt 3122554 and sent to the chemistry lab for further testing. Id. at 15-16.

Officer London first saw the gym bag when transporting the Cadillac from the 5100 block of Pine Street to headquarters. Id. at 14. During the course of the surveillance, Officer London did not see Mr. Brown place the gym bag in the Cadillac. Id. at 14. He did not see Mr. Brown in possession of the freezer bag of marijuana while going to the Cadillac. Id. He did not see Mr. Brown go to the Cadillac with any bag, of any kind, at any time. Id. at 15. When the Cadillac left the corner of 53rd and Irving Street, there were two (2) people inside the vehicle – the Defendant and Mr. Brown. Id. at 30. Officer London never lost sight of the Cadillac. Id. He was present when the Cadillac was stopped for investigation and he continued to follow the Cadillac after the stop. Id. at 30-31. No one entered or exited the Cadillac from the time it left 53rd and Irving Street through the time it stopped at 5100 Pine Street, at which point the

---

[5] Officer London ran a check on the Cadillac's license plate; the Cadillac was not owned by the Defendant. Id. at 20, 29-30.

4

Defendant and Mr. Brown exited the vehicle. Id. at 31. There was no one else in the car when the Defendant and Mr. Brown were arrested. Id.

At the conclusion of Officer London's testimony, the parties rested. Id. at 31. Following oral arguments, Id. at 32-34, this Court announced its findings of fact, on the record. Id. at 35-36. Based thereon, this Court concluded that Officer London articulated specific and article facts establishing reasonable suspicion to stop the driver of the Cadillac and probable cause to arrest the driver of the Cadillac and to search the Cadillac for contraband. Id. at 36. Accordingly, this Court denied the Defendant's motion to suppress. Id. Immediately thereafter, the matter proceeded to a bench trial. Id. at 36-41. Officer London's testimony was moved into evidence and incorporated in the trial record. The parties stipulated to the expertise of Philadelphia Police Officer Kevin Keys in the area of narcotic trafficking. Id. at 42. Officer Keys credibly opined that the amount of marijuana recovered from the back seat of the Cadillac – 332.5 grams – was consistent with a distribution, and not personal use. Id. at 43-44. The Commonwealth also submitted, without objection, the search warrant for the Cadillac, the property receipt and the corresponding seizure analysis for the marijuana recovered from the Cadillac, and the property receipt for the money recovered from the Defendant. Id. at 45-46. The Defendant did not present any witnesses and/or submit any exhibits. Id. at 46.

Based upon the facts, evidence and testimony presented, this Court found the Defendant guilty of PWID and conspiracy. Id. at 51. Sentencing was deferred pending a presentence investigation. Id. On November 6, 2015, this Court sentenced the Defendant to 11 ½ to 23 months incarceration for PWID, with immediate parole to house arrest, followed by 5 years reporting probation for conspiracy. N.T., 11/6/2015, at 14-15. On December 4, 2015, the Defendant filed a timely notice of appeal with the Superior Court. On February 2, 2016, the

5

Defendant filed a 1925(b) statement. On February 3, 2016, this Court filed a 1925(b) order, directing the Defendant to file a concise statement of matters complained of on appeal within twenty-one (21) days of said filing.[6]

## ISSUES

In his 1925(b) Statement of Matters Complained of on Appeal, the Defendant asserts:

I. The trial court violated Appellant's constitutional rights under the Fourth Amendment of the U.S. Constitution and Article 1 sec. 8 of the Pennsylvania Constitution when it failed to suppress the fruits of an unlawful vehicle search which was made without the probable cause.

II. Petitioner's constitutional rights under the 14th Amendment of the U.S. Constitution and Article 1. Sec. 9 of the Pennsylvania Constitution were violated in that there was insufficient evidence to support the verdict.

## DISCUSSION

The Defendant first asserts that this Court erred in denying his motion to suppress the narcotics recovered from the vehicle he was operating. For the reasons set forth below, this issue is waived on appeal.

The Defendant's assertion that the vehicle was searched without probable cause fails to mention that the vehicle was searched pursuant to a search warrant. A careful review of the suppression hearing transcript reveals that the Defendant did not challenge the validity of the search warrant; rather, the Defendant challenged the search of the vehicle on grounds that it was the poisonous fruit of an unlawful arrest. Where a defendant failed to raise the validity of the search warrant at the suppression hearing, the issue is waived and cannot be addressed on appeal. Commonwealth v. Burkholder, 595 A.2d 59, 62 (Pa.Super. 1991) (citing Pa.R.A.P. 302(a)

---

[6] An original 1925(b) order was filed by the Court and mailed to counsels on January 13, 2016. The Court was subsequently advised that its 1925(b) order contained the wrong caption. A corrected 1925(b) order was filed by the Court and mailed to counsels on February 3, 2016.

6

("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); See also, Commonwealth v. Freeman, 128 A.3d 1231, 1241 (Pa.Super. 2015). As such, this Court concludes that the Defendant has waived any challenge to the validity of the search warrant.

Furthermore, the Defendant's suppression claim fails to comport with Pennsylvania Rule of Appellate Procedure 1925. Rule 1925 provides, "The [1925(b)] Statement shall identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1926(b)(4)(ii). Rule 1925 further provides, "Issues not included in the [1925(b)] Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1926(b)(4)(vii).

In Commonwealth v. Lord, 719 A.2d. 306 (Pa. 1998), the Pennsylvania Supreme Court held that "any issue not raised in a 1925(b) statement will be deemed waived." Id. at 309. The Court reasoned, "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." Id. at 308. In Commonwealth v. Dowling, 778 A.3d 683 (Pa.Super. 2001), the Superior Court extended the Lord rule to include 1925(b) statements which are not specific enough for the trial court to identify and address the issues. Id. at 686. The Court held that such vague statements are the functional equivalent of no concise statement at all and any vaguely addressed issue would be deemed waived. Id. at 686-87.

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, a trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

Id. at 686.

7

Notably, as indicated above, the Defendant's 1925(b) statement does assert that the search of the vehicle was unlawful because the search warrant was invalid. Nor does he assert that the search was unlawful because it was the product of an unlawful arrest. Rather, the Defendant merely claims "an unlawful vehicle search which was made without probable cause." 1925(b) Statement, at I. Probable cause is fact-intensive and as such, it can be challenged for a number of reasons. The Defendant's 1925(b) statement provides no factually basis for this claim. The lack of specificity prevents this Court from identifying the issues the Defendant wishes to raise on appeal and thereby impedes this Court's preparation of a legal analysis which is pertinent to those issues. It is not the responsibility of this Court to engage in a guessing game and thereafter, frame the Defendant's issues on appeal; this Court cannot, and will not, act as the Defendant's advocate. Accordingly, this Court concludes that the Defendant has waived any challenge to this Court's suppression ruling on appeal and therefore, this opinion will not address the matter further.

The Defendant next challenges the sufficiency of the evidence. This Court concludes that this issue is also waived on appeal.

The Defendant's sufficiency claim also fails to comport with the requirements of Pa.R.A.P. 1925. The Defendant's generic claim that "there was insufficient evidence to support the verdict" provides this Court with no guidance as to what issues the Defendant plans to raise on appeal and again impedes this Court's preparation of a legal analysis addressing those issues. As noted by the Superior Court in Commonwealth v. Tyack, 128 A.3d 254 (Pa.Super. 2015), the Superior Court has consistently held:

> If an Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the appellant alleges that the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [] does not

8

specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

Id. at 260. Here the Defendant failed to specify what element or elements of the two crimes of which he was convicted was not supported by the evidence. Accordingly, this Court concludes that the Defendant has waived his sufficiency claim on appeal and this opinion will not discuss the matter further.

## CONCLUSION

For the foregoing reasons, this Court submits that the Defendant has waived all issues on appeal. Accordingly, this Court respectfully requests that the Defendant's appeal be dismissed and the judgment of sentence be affirmed.

BY THE COURT:

_____
SEAN F. KENNEDY, J.